DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the January 30, 2003 judgment entry of the Lucas County Court of Common Pleas which denied defendant-appellant Darek Lathan's motion for a new trial.
 {¶ 2} A brief recitation of the facts is as follows. In February 1999, appellant was convicted of the October 15, 1998 aggravated robbery of a Toledo, Lucas County, Rent-A-Center store. This court affirmed the conviction in May 2000.
 {¶ 3} On July 17, 2002, with leave of the trial court, appellant, pro se, filed a motion for a new trial. The essence of the motion was that someone else had committed the robbery. The state opposed the motion.
 {¶ 4} On November 21, 2002, appellant was appointed counsel and, on January 29, 2003, the matter proceeded to an evidentiary hearing. Appellant presented the testimony of Willie Franks who is incarcerated for several aggravated robberies. Franks testified that he and appellant were acquaintances and had met at the Warren Correctional Institution. Franks stated that at the time of the Rent-A-Center robbery he was in Toledo "casing" a jewelry store when he met Thomas Carrington. Carrington indicated that he wished to join Franks' "group of guys"; Franks told him that he would first have to "prove himself." Franks testified that he accompanied Carrington to a Rent-A-Center and waited in the truck while Carrington robbed the store. Franks stated that appellant was not present during the robbery.
 {¶ 5} During cross-examination, Franks was unable to give any specifics about the weather on the day of the robbery, could not describe the store location, and could not describe the truck he waited in. Franks described Carrington as being six feet tall and weighing 170 pounds. Franks stated that on the date of the robbery Carrington was wearing a Chicago Bulls jacket and jeans.[1]
 {¶ 6} The state then presented Mary Kowalik. Kowalik had been convicted, along with appellant and others, of the August 15, 1998 armed robbery of a T.G.I. Fridays ("Fridays") restaurant in Toledo. Her conviction was overturned by this court, on the basis of prosecutorial misconduct, on May 31, 2002, and remanded for a new trial. In exchange for signing a "cooperation agreement" with the state and entering a plea, the state agreed that Kowalik would not serve any additional jail time for the Fridays robbery.
 {¶ 7} Kowalik testified regarding several letters appellant wrote to her while she was in the Lucas County Jail. The letters explained how appellant was paying people to lie about who committed the Fridays robbery. Kowalik also testified that she received a letter from Franks. The letter explained that he was helping appellant and provided details about Franks' other cases to aid Kowalik if she was questioned about them. Kowalik also received a copy of Franks' affidavit that was submitted in support of appellant's motion for a new trial.
 {¶ 8} Kowalik stated that appellant asked her to become a witness to the Rent-A-Center robbery though she had not been there. Appellant gave her details of the robbery so Kowalik could present a believable story to the detective.
 {¶ 9} Following closing arguments by the parties, the court denied appellant's motion for new trial. The judgment entry was journalized on January 30, 2003, and this appeal followed.
 {¶ 10} Appellant, pro se, now raises five "grounds" for relief which we shall consider as "assignments of error." See App.R. 16(A)(3). The alleged errors are as follows:
 {¶ 11} "I. Appellant's right to a fair hearing was violated by introduction of letters that was [sic] irrelevant to Mr. Franks' admission of guilt, and sole purpose was to enrage the court.
 {¶ 12} "II. Appellant's right to due process of law and to a fair hearing was violated by the prosecution knowing [sic] presenting false testimony and failing to correct it.
 {¶ 13} "III. The appellant's right to due process of law was violated by the prosecution not pressing perjury charges against Willie Ray Franks and Darek Lathan.
 {¶ 14} "IV. The trial judge abused his discretion by not believing Willie Ray Franks' admission of guilt.
 {¶ 15} "V. Appellant's right to due process of law, to a fair trial to compulsory process were violated by prosecutorial misconduct where the prosecution withheld material exculpatory evidence from the defense at trial."
 {¶ 16} At the outset we note that the decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus. Thus, an appellate court will not reverse the trial court's decision absent an abuse of discretion.
 {¶ 17} In appellant's first assignment of error, he contends that the trial court erroneously permitted the introduction of letters that did not pertain to the Rent-A-Center robbery. Upon review of appellant's arguments we cannot say that the trial court erred in admitting the letters into evidence. Appellant does not dispute the authenticity of the letters. Further, we agree with the state that the content of the letters evidences a pattern on the part of appellant to pay individuals for favorable testimony. Appellant's first assignment of error is not well-taken.
 {¶ 18} In his second assignment of error, appellant contends that he was denied his right to a fair hearing by the state's act of knowingly presenting Kowalik's perjured testimony. Upon careful review of the hearing transcript we find no evidence that Kowalik perjured herself. The trial court, as the factfinder, is in the best position to determine the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Thus, we find that appellant's second assignment of error is not well-taken.
 {¶ 19} Appellant's third assignment of error argues that his due process rights were violated by the state's failure to charge Franks and appellant with perjury. Appellant is arguing that if Franks' testimony was not believed, then he and Franks should have been charged with perjury and allowed to "restore their reputation as truthful under oath."
 {¶ 20} "[C]harging determinations rest first within the discretion of police, followed by a review and an additional charging discretion of the prosecutor." State v. Ziegelhofer, 6th Dist. No. WD-02-038,2003-Ohio-1404, at ¶ 12. "Unlike judicial discretion, which is reversible on its abuse, charging discretion is beyond the purview of our review so long as complaints and indictments are based on the statutory elements of the offense." Id.
 {¶ 21} Based on the foregoing, we find that appellant's third assignment of error is not well-taken.
 {¶ 22} In his fourth assignment of error, appellant contends that the trial court abused its discretion by not believing Franks' admission of guilt. As set forth above, the trial court, as the factfinder, is charged with making credibility determinations. Our review reveals that the trial court could have chosen to discredit Franks' testimony. Appellant's fourth assignment of error is not well-taken.
 {¶ 23} In appellant's fifth and final assignment of error he argues that the state engaged in prosecutorial misconduct by withholding exculpatory evidence at trial. Specifically, appellant contends that the state knew of Franks' 1998 Toledo "crime spree" and that the state knew of other eyewitnesses that indicated that appellant was not the perpetrator of the Rent-A-Center robbery.
 {¶ 24} First, as to the identity of Franks, the state, prior to and at the time of trial, had no reason to know of any alleged connection between Franks and the Rent-A-Center robbery. Appellant came forward with Franks' affidavit. Further, as to the alleged improper withholding of eyewitnesses, we rejected this argument in State v. Lathan (May 12, 2000), 6th Dist. Nos. L-99-1101; L-99-1276; thus, the alleged error is barred by the doctrine of res judicata. Appellant's fifth assignment of error is not well-taken.
 {¶ 25} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this proceeding are assessed to appellant.
 JUDGMENT AFFIRMED.
[1] As noted by the state, at the February 4, 1999 trial on the matter, eyewitness Charles Newig described the perpetrator as wearing a dark hooded sweatshirt. He stated that the perpetrator was black and approximately five feet eight inches to five feet ten inches tall, medium body weight. Newig then identified appellant as the perpetrator based upon his eyes.